MEMORANDUM OPINION



No. 04-02-00790-CV



Frank C. GARCIA, Jr.


Appellant



v.



Emily Ann MILLS, f/k/a Emily Ann Garcia,


Appellee



From the 150th Judicial District Court, Bexar County, Texas


Trial Court No. 1980-CI-03877


Honorable Patrick J. Boone, Judge Presiding



Opinion by: Sarah B. Duncan, Justice

Concurring opinion by: Sandee Bryan Marion, Justice


Sitting: Catherine Stone, Justice

 Sarah B. Duncan, Justice

 Sandee Bryan Marion, Justice


Delivered and Filed: August 13, 2003

 

AFFIRMED

 Frank C. Garcia, Jr. and Emily Ann Mills were married May 1, 1960 and divorced August 19,
1980 by an agreed Decree of Divorce, which incorporates by reference the parties' Agreement
Incident to Divorce. Section II(A), Schedule 1 and section II(C) of the Agreement awards Mills
"[t]he sum of twenty-five (25%) percent of [Garcia's] civil service retirement benefits, if as and when
he receives the same." However, Section II(E) of the Agreement further provides that "[a]ll
provisions of this section ... are intended to effect only the partition of the community property of the
parties." 

 Garcia retired April 3, 2001 but failed to pay Mills any part of his retirement benefits. On
January 15, 2002, Mills filed a petition for enforcement. After a hearing, the trial court signed an
order ruling that Section II of the Agreement was "clear and unambiguous as a matter of law" and
entitles Mills to "25% (plus cost of living or other increases thereon) of the gross retirement pay
received by [Garcia] and not 25% (plus cost of living or other increases thereon) of the community
property interest in [Garcia's] Civil Service Retirement Benefits as of the date of the parties'
divorce." On appeal, Garcia argues this ruling is in error because section II(E) of the Agreement
makes clear that all that was being partitioned in Section II was the parties' community property. We
disagree. A very similar argument was recently considered and rejected by the supreme court in its
decision in Reiss v. Reiss, No. 01-0251, 2002 WL 32122828 (Tex. June 26, 2003).

 The Reisses' divorce decree states in pertinent part:

 The Court finds that the parties own community property which should be divided in
an equitable manner. It is therefore ORDERED that the community property owned
by the parties shall be divided as follows:


 ....


 The Court further finds that the parties own as community ... a Pension Plan at
Goodyear Tire & Rubber Company, where [Edwin] is employed at its Houston, Texas
plant, which Pension Plan the parties have a vested interest in.


 ....


 It is further ORDERED, ADJUDGED AND DECREED that if and when
Respondent, Edwin F. Reiss, retires and/or receives a pension from Goodyear Tire &
Rubber Company, or for any other reason becomes entitled to receive retirement or
pension benefits from Goodyear Tire & Rubber Company, then, and in such event,
[Gloria] shall receive fifty percent (50%) of such retirement or pension benefit to
which Edwin F. Reiss is entitled to receive from Goodyear Tire & Rubber Company.


Id. at *1. The court held that the decree awards Gloria "half of the total benefits," because it "in effect
mistakenly classif[ies] all of the benefits Edwin was entitled to receive under the plan as community
property and divid[es] them as such." Id. at *2. In doing so, the court rejected the dissent's argument
that "[t]he decree's structure and plain language, from beginning to end, evidence an intent to divide
only the couple's community property." Id. at *5 (Jefferson, J., dissenting). 

 In accordance with Reiss, we affirm the trial court's judgment.


 Sarah B. Duncan, Justice